**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                              ) | Case No. 3:05CR099–HEH |
| ) | |
| ZACHARY B. TINSLEY,                ) | |
| ) | |
| Defendant.            ) | |

**MEMORANDUM OPINION**
(Granting Government's Motion for Upward Departure)

This case is before the Court for resentencing on remand from the United States Court of Appeals for the Fourth Circuit. The defendant, Zachary B. Tinsley, was convicted by a jury of possession of a firearm by a convicted felon. On February 17, 2006, this Court sentenced the defendant to 120 months' confinement. In an unpublished opinion dated May 1, 2007, the Fourth Circuit affirmed the defendant's conviction, but vacated the judgment and remanded for resentencing.

Both the government and the defendant agree that the appropriate Total Offense Level in this case remains 14, and that the defendant has 12 criminal history points placing him in Criminal History Category V. This yields a sentencing range of 33 to 41 months. The government, however, moves the Court for an upward departure on the grounds that his Criminal History Category significantly understates the extent of his criminal history and the likelihood of his continuing criminal activity. The defendant has received adequate notice of the government's motion.

The analytical framework for upward departures is thoroughly restated by the Fourth Circuit in its opinion in this case. The procedure is guided by the teachings of *United States v. Green*, 436 F.3d 449 (4th Cir.) *cert. denied*, 126 S. Ct. 2309 (2006), *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), and *United States v. Moreland*, 437 F.3d 424 (4th Cir.) *cert. denied*, 126 S. Ct. 2054 (2006). The Court will carefully follow the path lit by those cases.

Both parties agree that the guidelines have been correctly calculated in this case. The government argues that a sentence of 33 to 41 months does not adequately serve the factors set forth in 18 U.S.C. § 3553(a), specifically respect for the law, deterrence, and protection of the community.

In determining whether an upward departure is appropriate in this case, the Court must begin by reviewing all facts and circumstances. In preparation for this sentencing hearing, the Court reviewed the Presentence Investigation Report prepared by the United States Probation Office, and all notes from the trial of this case and prior sentencing hearing. From the information gleaned from those sources, the Court is of the opinion that the defendant's record is atypically extensive for someone in a Total Offense Level 14, Criminal History Category V. This defendant has a long and sustained history of lawless activity. He has four prior weapons convictions, three involving firearms. He has seven prior felony convictions, including two for drug trafficking and two for possession of controlled substances. On three occasions, he has violated his court-ordered probation,

parole, or supervised release. Collectively viewed, the Court is of the opinion that the advisory Guidelines underrepresent the seriousness of the defendant's criminal history and the likelihood of continuing criminal activity. His criminal history clearly places him outside the heartland of the Guidelines.

Next, the Court must determine whether or not the grounds relied upon by the government is an encouraged, discouraged, or forbidden factor for a departure, or one not mentioned in the Guidelines. *See Koon v. United States*, 518 U.S. 81, 95–96 (1996). Underrepresentation of criminal history is an encouraged factor for upward departure under the Guidelines. *United States v. Blake*, 81 F.3d 498, 504–05 (4th Cir. 1996). To the extent that the defendant's criminal history is already factored into the applicable Guidelines, the Court finds that the level of underrepresentation is exceptional, warranting departure. Having determined that a departure is appropriate, the Court will turn next to the sentencing range calculation.

This is the defendant's second conviction in United States District Court for possession of a firearm by a convicted felon. He has three other convictions involving weapons, two with a firearm. Criminal History Category V does not adequately account for the defendant's continuing pattern of firearms violations. The Court will therefore increase the defendant's Criminal History Category to a level VI, yielding a sentencing range of between 37 to 46 months. In the Court's view, this is still inadequate to reflect the extent of his criminal history. This defendant has nine convictions for which no

points were assessed. Admittedly, a number are over ten years old, but they are reflective of a continuing course of criminal conduct. These convictions include two convictions for possession of cocaine, plus convictions for possession of a concealed weapon, brandishing a firearm, possession with the intent to distribute marijuana, driving while intoxicated, obstruction of justice, assault and battery, and reckless driving. This string of convictions was not factored into his guidelines at a level 14. Therefore, the Court will depart upward to a level 15, Criminal History Category VI, which results in a range of 41 to 51 months.

This upward movement adds only five additional months of confinement. It is inadequate to reflect three uncounted felonies and six misdemeanors. The Court will therefore move to a level 16, Criminal History Category VI. The result is a range of 46 to 57 months. This, in the Court's opinion, is still inadequate to satisfy the factors of respect for the law and deterrence required by 18 U.S.C. § 3553(a). This defendant has three prior violations of probation, parole, and supervised release for which no points were assessed. The Court will therefore move to a level 17, Criminal History Category VI. This upward movement would result in an advisory Guideline range of between 51 and 63 months.

As the government appropriately points out, in 1998 when this defendant was convicted of possession of a firearm by a convicted felon, he received a sentence of 63 months' confinement with the United States Bureau of Prisons. This was clearly

insufficient to promote respect for the law, deterrence, or protection of the community. A longer sentence is therefore appropriate. The Court will therefore depart upward to a Total Offense Level of 18, Criminal History Category VI, with a resulting range of 57 to 71 months.

    This Court is of the opinion that a sentence that is adequate but not longer than necessary to achieve the goals of 18 U.S.C. § 3553(a) is obtainable within a Total Offense Level of 18, Criminal History Category VI.

/s/<br>
Henry E. Hudson<br>
United States District Judge

Entered this 26th day of June, 2007.